IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

EDWARD D. SCHULER
ADC #140938                                                                PLAINTIFF

v.                      No. 2:20-cv-97-DPM-JTR

ASA HUTCHINSON, Governor,
State of Arkansas, *et al.*                                                DEFENDANTS


DONNIE B. JAMES
ADC #089050                                                                PLAINTIFF

v.                      No. 2:20-cv-98-DPM-JTR

ASA HUTCHINSON, Governor,
State of Arkansas, *et al.*                                                DEFENDANTS


JOSHUA CURL
ADC #168960                                                                PLAINTIFF

v.                      No. 2:20-cv-99-DPM-JTR

ASA HUTCHINSON, Governor,
State of Arkansas, *et al.*                                                DEFENDANTS

| | |
|---|---|
| MICHAEL McDOWELL<br>ADC #148366 | PLAINTIFF |
| v. No. 2:20-cv-100-DPM-JTR | |
| ASA HUTCHINSON, Governor,<br>State of Arkansas, *et al.* | DEFENDANTS |

| | |
|---|---|
| JOHN J. SMITH<br>ADC #154230 | PLAINTIFF |
| v. No. 2:20-cv-101-DPM-JTR | |
| ASA HUTCHINSON, Governor,<br>State of Arkansas, *et al.* | DEFENDANTS |

| | |
|---|---|
| ROBERT DRAFT<br>ADC #160040 | PLAINTIFF |
| v. No. 2:20-cv-102-DPM-JTR | |
| ASA HUTCHINSON, Governor,<br>State of Arkansas, *et al.* | DEFENDANTS |

TAURIN JOHNSON
ADC #102958                                                                                         PLAINTIFF

v.                                  No. 2:20-cv-103-DPM-JTR

ASA HUTCHINSON, Governor,
State of Arkansas, *et al.*                                                                       DEFENDANTS

### ORDER

1.  Schuler, James, Curl, McDowell, Smith, Draft, and Johnson are inmates in the East Arkansas Regional Unit of the Arkansas Department of Correction.  They filed a combined complaint on 13 May 2020 alleging that they're at high risk of contracting COVID-19 in prison and that, because of each inmate's underlying health issues, they're at high risk of serious illness or death if they contract the virus.

Pursuant to this Court's internal operating procedures, the Clerk docketed the complaint as a separate lawsuit by each inmate. Magistrate Judge Ray has addressed *in forma pauperis* status, screening, and service in each case.  The Court thanks him for his quick and careful attention to those matters.  In the interest of judicial economy, the Court withdraws the reference in each case.  Proceeding in this fashion will allow the Court to consider the motions for preliminary injunctive relief, and other threshold matters, without the need for recommendations and objections.  28 U.S.C. § 636(b)(1)(A)–(C).

**2.** On its own motion, the Court consolidates these cases. They involve, at this preliminary stage, common questions of law and fact. FED. R. CIV. P. 42(a)(2). *Schuler v. Hutchinson, et al.*, E.D. Ark. Case No. 2:20-cv-97-DPM, will be the lead case. The Court directs the parties to file papers only in the *Schuler* case until further order. The Court also directs the Clerk to terminate the pending motions in the other cases. That administrative step is without prejudice to the Court addressing the merits across the board in the consolidated case.

**3.** The Plaintiffs are inmates who say they're facing severe illness if they contract COVID-19. They therefore request a temporary restraining order requiring the Department to implement several social distancing and sanitation measures. *Doc. 4 at 6–7.* They also request a preliminary injunction requiring their immediate release, plus the immediate release of all other high-risk inmates not serving a life sentence. *Doc. 4 at 7–8.*

The Court can grant a TRO only if it's clear the moving party will suffer immediate and irreparable harm if relief isn't granted before the opposing party has an opportunity to be heard. FED. R. CIV. P. 65(b). By contrast, a preliminary injunction may issue only after the opposing party receives notice and an opportunity to be heard. FED. R. CIV. P. 65(a); *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 431 n.7 (1974).

Context is always important. And "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quotation omitted).

The inmates' motion for a TRO is denied. They admit that currently there are no confirmed cases of COVID-19 in the East Arkansas Regional Unit. The threat COVID-19 poses to the inmates' health and safety is, therefore, not so immediate that relief must be granted before a response or hearing. Nonetheless, these issues are pressing. The Court therefore directs the Defendants to file an expedited answer or Rule 12(b) motion by 1 June 2020. They must also file an expedited response to the motion for preliminary injunctive relief by that date. *Doc. 3–5.* Further, the Court construes that motion as also seeking the relief requested by way of a TRO. *Doc. 4 at 6–8.* The Defendants should file comprehensive responding papers addressing all these issues.

\* \* \*

Reference withdrawn. Cases consolidated. Motion for temporary restraining order, *Doc. 3*, denied. Expedited answer or Rule 12(b) motion and expedited response to motion for preliminary injunction, *Doc. 3–5*, due by 1 June 2020. If the Court needs to hold a

Context is always important. And "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quotation omitted).

The inmates' motion for a TRO is denied. They admit that currently there are no confirmed cases of COVID-19 in the East Arkansas Regional Unit. The threat COVID-19 poses to the inmates' health and safety is, therefore, not so immediate that relief must be granted before a response or hearing. Nonetheless, these issues are pressing. The Court therefore directs the Defendants to file an expedited answer or Rule 12(b) motion by 1 June 2020. They must also file an expedited response to the motion for preliminary injunctive relief by that date. *Doc. 3–5.* Further, the Court construes that motion as also seeking the relief requested by way of a TRO. *Doc. 4 at 6–8.* The Defendants should file comprehensive responding papers addressing all these issues.

\* \* \*

Reference withdrawn. Cases consolidated. Motion for temporary restraining order, *Doc. 3*, denied. Expedited answer or Rule 12(b) motion and expedited response to motion for preliminary injunction, *Doc. 3–5*, due by 1 June 2020. If the Court needs to hold a

hearing, it will do so at 1:00 p.m. on Thursday, 4 June 2020 in courtroom 1A of the Richard Sheppard Arnold United States Courthouse.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

_____
22 May 2020